Dear Mr. Molaison:
This office is in receipt of your request for an opinion of the Attorney General in regard to taped and video recordings of the meetings of the Mayor and Board of Aldermen of the City of Westwego pursuant to R.S. 42:8 which provides as follows:
 A. All or any part of the proceedings in a public meeting may be video or taped recorded, filmed, or broadcast live.
 B. A public body shall establish standards for use of lighting, recording or broadcasting equipment to insure proper decorum in a public meeting.
You indicate the City of Westwego currently provides audio recordings of its meetings of the Mayor and Board of Aldermen to the public for review and duplication and thereby avoids the confusion and logistical problems associated with recording by any private citizen present. Also, to avoid disruption the City is considering allocating a defined area of space within which the video taping may take place, but there is concern if this is a reasonable measure or whether it would be an infringement of the public's right. With these concerns you present the following questions:
 1. Do the provisions of La. R.S. 42:8 relative to the video or tape recording, filming, or live broadcasting of public meetings apply to citizens present at such meetings;
 2. Assuming that LA. R.S. 42:8 applied to citizens, does the statute require a municipality to allow such recording even where the municipality has provided that public meetings be recorded on audio tape and made available for review or duplication by citizens;
 3. Does La. R.S. 42:8 require that any and all persons present at a public meeting be allowed and accommodated to video or tape record such meeting; and
 4. What constitutes a reasonable standard for insuring decorum at public meetings within the meaning of La. R.S. 42:8.
While Paragraph (A) of R.S. 42:8 provides that any part of public proceedings "may be video or tape recorded, filmed, or broadcast live", it is important that this paragraph be read in conjunction with Paragraph (B) that mandates the public body establish standards for the recording. Therefore, in answer to your first question we believe there is a general right for any citizen to record a public meeting. However, it is obvious unless certain restrictions are set forth there could be considerable confusion.
Consequently, relative to your second question we find under the provision that the public body establish standards for the recording, we feel these standards should allow individual citizens to record the proceedings without becoming obstructive during the proceedings. To supply the tapes without allowing individuals to make their own tape is not a reasonable standard, but becomes a prohibition which conflicts with Paragraph "A" of R.S. 42:8.
This conclusion would be applicable to your third question as to whether the statute requires any and all persons present at a public meeting be allowed and accommodated to video and tape such public meeting. We have found there is a general right for a citizen to record public meetings but this is not unrestricted. The public body is to establish standards so this can be accomplished in an orderly fashion. It would follow that under most circumstances it is not likely that it would be feasible that any and all persons present be allowed to record the meeting under any conditions they may desire.
We cannot answer your last question as to what constitutes a reasonable standard for insuring decorum at public meetings within the meaning of R.S. 42:8 for that will depend upon the facts and circumstances of each situation. The physical surroundings, the audience attendance, and number of demands made by the citizens to record are some of the matters that would have to be considered.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR